PER CURIAM.
We reverse the order denying defendant’s motion for post conviction relief. As properly conceded by the state, the court erred in applying a four-year statute of limitations: Defendant was convicted of aggravated battery with a firearm, a second degree rather than a first degree felony. See Lareau v. State, 573 So.2d 813 (Fla.1991); Torris v. State, 611 So.2d 57 (Fla. 3d DCA 1992). Therefore, the prosecution was subject to the three-year statute of limitations. § 775.15(2)(b), Fla. Stat. (1991). Defendant, however, was arrested more than three years after the commission of the offense. The record is devoid of evidence explaining the delay in commencing prosecution of defendant. Therefore, defendant has raised a color-able claim of ineffective assistance of counsel for failure to raise the running of the limitations statute. See Lucas v. State, 718 So.2d 905 (Fla. 3d DCA 1998); McNeil v. State, 673 So.2d 125 (Fla. 3d DCA 1996). Accordingly, we remand for an evidentiary hearing to determine the basis for delay in prosecuting defendant, and if the delay was unreasonable, and whether defense counsel was ineffective for failing to seek dismissal of the aggravated battery charge based on the statute of limitations.
Reversed and remanded with directions.