This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 29,805**

**GREG COLLIER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Caren I. Friedman
Santa Fe, NM

The Pickett Law Firm
Lawrence M. Pickett
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State appeals from a district court order granting Defendant's motion to dismiss. The district court found that misdemeanor cruelty to animals is not a lesser included offense of felony extreme cruelty to animals and that the State may not proceed with a prosecution for cruelty to animals when no indictment or information ever charged Defendant with that crime. On appeal, the State argues that the district court erred in granting Defendant's motion to dismiss prior to a third trial because (1) the prosecution of misdemeanor cruelty to animals is a continuation of the prosecution of felony extreme cruelty to animals because the first is a lesser included crime of the second, and thus, Defendant was charged within the limitations period; or in the alternative (2) Defendant waived the statute of limitations on prosecution of misdemeanor cruelty to animals when Defendant did not object to the giving of a jury instruction on cruelty to animals at the second trial. We hold that cruelty to animals is a lesser included offense of extreme cruelty to animals and that the statute of limitations did not bar trial on the misdemeanor charge. We further hold that subsequent prosecution of the Defendant on the misdemeanor charge following his acquittal on the felony charge would violate the constitutional guarantee against double jeopardy. We therefore affirm.

**BACKGROUND**

Defendant Greg Collier was indicted on August 31, 2006, on one count of extreme cruelty to animals, a fourth degree felony, in violation of NMSA 1978,

Section 30-18-1(E) (2007). The indictment was based on an incident in February 2006 in which a colt Defendant was training died.

Defendant was tried twice and filed a motion to dismiss prior to the commencement of a third trial. At the first trial in March 2008, the jury was instructed on the charged felony offense, Section 30-18-1(E), extreme cruelty to animals. The jury was unable to reach a unanimous verdict, and the district court declared a mistrial. Defendant's second trial took place in January 2009. After the close of evidence, the jury was again instructed on the extreme cruelty to animals charge. The district court—at the State's request—also instructed the jury on a misdemeanor charge of cruelty to animals in violation of Section 30-18-1(B). The defense did not object to the instruction on the misdemeanor offense, and both charges went to the jury. The second trial jury found Defendant not guilty of felony extreme cruelty to animals and could not reach a unanimous verdict on misdemeanor cruelty to animals. The district court acquitted Defendant of the felony charge and declared a mistrial on the misdemeanor charge based on manifest necessity due to the hung jury. Defense counsel prepared the order on the verdict and noted that the State's "power to retry . . . Defendant on the lesser included misdemeanor charge of [c]ruelty to [a]nimals upon which the mistrial was declared, is reserved."

Following the second trial, the State sought to retry Defendant again on misdemeanor cruelty to animals. The third trial was set for July 2009. Prior to the

3

commencement of trial, Defendant filed a motion to dismiss based on statute of limitations and double jeopardy grounds. In his motion, Defendant argued that he had been acquitted of the only crime for which he was ever charged, Section 30-18-1(E), extreme cruelty to animals. Defendant further contended that he had never been charged with misdemeanor cruelty to animals, that the elements of such a charge are mutually exclusive of the felony charge, and as a result, the new prosecution of the misdemeanor charge was barred by the two-year statute of limitations. The district court agreed and granted the motion to dismiss on the grounds that: (1) the misdemeanor cruelty to animals is not a lesser included offense of extreme cruelty to animals, and (2) the State failed to commence prosecution on the misdemeanor within the two-year time period provided for by the statute of limitations. The State appeals.

**DISCUSSION**

The first question in this case is whether misdemeanor cruelty to animals is a lesser included offense of extreme cruelty to animals. That determination is a question of law, and we review it de novo. *See State v. Hernandez*, 1999-NMCA-105, ¶ 24, 127 N.M. 769, 987 P.2d 1156 ("Whether the trial court erred by convicting [the d]efendant at a bench trial of an uncharged lesser offense is a question of law that we review de novo."). "When facts relevant to a statute of limitations issue are not in dispute, the standard of review is whether the district court correctly applied the law to the undisputed facts. We review questions of law de novo." *State v. Kerby*, 2007-

4

NMSC-014, ¶ 11, 141 N.M. 413, 156 P.3d 704 (internal quotation marks and citations omitted).

**Cruelty to Animals Is a Lesser Included of Extreme Cruelty to Animals**

The district court in this case relied on *State v. Schoonmaker*, 2005-NMCA-012, 136 N.M. 749, 105 P.3d 302 (*Schoonmaker I*), *rev'd in part on other grounds by State v. Schoonmaker*, 2008-NMSC-010, 143 N.M. 373, 176 P.3d 1105 (*Schoonmaker II*), to find that misdemeanor cruelty to animals is not a lesser included offense of felony extreme cruelty to animals. Specifically, in granting the motion to dismiss, the district court found that these were separate offenses and that each offense "contains an element that the other offense does not: the mens rea element." The State argues that the district court erred by relying on the "strict elements" test of *Schoonmaker I* to conclude that cruelty to animals is not a lesser included offense of extreme cruelty to animals. For the reasons that follow, we agree.

In *Schoonmaker I*, this Court undertook a double jeopardy analysis and applied the strict elements test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine that the Legislature intended to punish intentional child abuse and negligent child abuse as separate offenses. *Schoonmaker I*, 2005-NMCA-012, ¶¶ 21, 26-27. The *Schoonmaker I* analysis and the analysis in other double jeopardy cases involving multiple prosecutions in effect boils down to a determination of whether one crime is a lesser included offense of the other. *See State v. Meadors*, 121 N.M. 38, 41,

5

908 P.2d 731, 734 (1995) (explaining that the issue of lesser included offense arises in several contexts, including the context of double jeopardy and the prohibition of "successive prosecutions for two offenses arising out of the same conduct if either one is a lesser-included offense within the other"). However, our Supreme Court in *Meadors* made it clear that the analysis of a lesser included offense issue depends on the context in which it arises; a different analysis applies when the issue is raised in the double jeopardy context and when it is raised in the context of a prosecutor's request for a jury instruction on a lesser included offense. *Id.* at 41-44, 908 P.2d at 734-37 (explaining that different interests are at stake in each context but that when the state requests a lesser included offense instruction, New Mexico precedent adheres to a hybrid cognate approach rather than the strict elements approach adopted in *Blockburger*).

The present case is analogous to the situation involving the prosecution's request for a lesser included offense instruction because the State here sought to try Defendant at the third trial on the misdemeanor offense rather than on the felony offense which was the subject of the first trial. Consequently, the appropriate standard to apply is the cognate approach explained in *Meadors* rather than the strict elements approach set out in *Schoonmaker I*.

The *Meadors* Court described the least flexible and most straightforward approach as the "strict elements" test. *Id.* at 42, 908 P.2d at 735. Under this test, the

6

"statutory elements of the lesser offense are a sub-set of the statutory elements of the greater offense such that it would be impossible ever to commit the greater offense without also committing the lesser offense." *Id.* If they are, the trial court should instruct the jury on the lesser offense. *Id.* This strict elements analysis ensures that a defendant "is on constructive notice that he may have to defend against a lesser included, uncharged offense." *State v. McGee*, 2002-NMCA-090, ¶ 9, 132 N.M. 537, 51 P.3d 1191; *see also Meadors*, 121 N.M. at 45, 908 P.2d at 738; *Hernandez*, 1999-NMCA-105, ¶¶ 24-25.

*Meadors* went on to define the "cognate approach" in order to give flexibility to the "strict elements" test and stated that the trial court should grant the lesser included instruction if

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Meadors*, 121 N.M. at 44, 908 P.2d at 737. In summary, a crime is considered a lesser included offense when, under either the statutory elements or the facts alleged in the charging documents and supported by the evidence, the defendant could not have committed the greater offense without also committing the lesser offense. *Id.* at 42-

43, 908 P.2d at 735-36. In addition, a defendant is considered to be on notice to defend against uncharged lesser included offenses. *Id.* at 45, 908 P.2d at 738.

In order to determine whether Defendant could have committed the greater offense without also committing the lesser offense, we first examine the statutory elements of cruelty to animals and extreme cruelty to animals. Misdemeanor cruelty to animals is defined as "(1) negligently mistreating, injuring, killing without lawful justification or tormenting an animal; or (2) abandoning or failing to provide necessary sustenance to an animal under that person's custody or control." Section 30-18-1(B). The elements for extreme cruelty to animals, on the other hand, consists of "(1) intentionally or maliciously torturing, mutilating, injuring or poisoning an animal; or (2) maliciously killing an animal." Section 30-18-1(E).

Considering the greater and lesser offenses in this case, the only difference between misdemeanor cruelty to animals and felony extreme cruelty to animals is the mens rea requirement. That element alone is insufficient to distinguish the two offenses as being sufficiently in dispute. *See Meadors*, 121 N.M. at 44, 908 P.2d at 737 (noting that based on the allegations in the indictment and the evidence adduced at trial, a jury could reasonably conclude that the defendant had intended to throw gasoline on victim and ignite him, but that defendant had lacked the intent to take victim's life, and that such evidence would support a conviction of aggravated battery but not of attempted murder.) We conclude that based on the statutory elements of the

8

misdemeanor and felony offenses, Defendant can be convicted of the lesser included offense of cruelty to animals.

The district court erred in applying a *Schoonmaker* analysis to this case, and in finding that the misdemeanor offense of cruelty to animals is not a lesser included offense of felony extreme cruelty to animals. Consequently, because the indictment was filed before the statute of limitations ran on the lesser included misdemeanor charge, the district court also erred in dismissing the charge on the basis of the statute of limitations. *Cf.* Rule 5-611(D) NMRA (stating that a jury may find a defendant "guilty of an offense necessarily included in the offense charged").

**Subsequent Prosecution of the Misdemeanor Charge After Acquittal on the Felony Charge Would Violate Principles of Double Jeopardy**

Because we conclude that the district court erroneously relied on the statute of limitations in dismissing the misdemeanor charge, we consider whether the dismissal can be affirmed on the basis of Defendant's claim that prosecution of the misdemeanor would violate the constitutional guarantee against double jeopardy. Although the State argues that we do not have jurisdiction to address the double jeopardy issue, we disagree. It is established law that we may affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant. *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828. Here, Defendant clearly raised the issue below, and the State had the opportunity to respond.

9

Moreover, double jeopardy claims are not subject to waiver and can be raised at any time before or after entry of a judgment. NMSA 1978, § 30-1-10 (1963).

Turning to the merits of Defendant's double jeopardy argument, the federal constitution's double jeopardy clause "protect[s] a defendant from a second prosecution for the same offense after an acquittal or a conviction (multiple prosecutions) and from multiple punishments." *Schoonmaker*, 2005-NMCA-012, ¶ 19 (internal quotation marks and citation omitted). We review double jeopardy questions de novo. *Id.*

We inquire "whether the offenses are unitary, that is, whether the same conduct violates both statutes, or whether the conduct is distinguishable." *Id.* ¶ 21 (internal quotation marks and citation omitted). In determining whether the offenses are unitary, "[i]f one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes." *Id.* (alteration omitted) (internal quotation marks and citation omitted).

In the present case, misdemeanor cruelty to animals is subsumed within felony extreme cruelty to animals. In order to obtain the conviction of a defendant for the misdemeanor, the State must prove that the defendant either negligently mistreated, injured, killed, or tormented an animal or that the defendant abandoned or failed to provide required sustenance. Section 30-18-1(B). In order to prove the felony, the State must prove that the defendant caused some injury to occur, such as the types of

10

injuries listed for the misdemeanor, or that the defendant tortured, mutilated, poisoned, or killed an animal "intentionally" or "maliciously". Section 30-18-1(E). Thus, the difference is that the felony requires proof of an additional element—an intentional or malicious mens rea. *Cf. State v. Quick*, 2009-NMSC-015, ¶ 15, 146 N.M. 80, 206 P.3d 985 (explaining that possession of a controlled substance is subsumed within the offense of possession with intent to distribute because in order to prove the latter, the state must prove the elements of possession plus the intent to transfer the substance to another). For double jeopardy purposes, the two offenses are the same, and Defendant may not be prosecuted for the misdemeanor following his acquittal on the felony charge. *See id.* ¶ 13 (holding that a lesser included offense is the same as the greater offense charged for double jeopardy purposes).

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**