GARCIA, Judge (dissenting). {33} I respectfully dissent from the majority opinion for two reasons. {34} First, the irregular way in which the district court eventually admitted the Sandoval County evidence prejudiced the defense. In denying the State’s motion to admit the Sandoval County evidence prior to the second trial, the district court concluded that the purpose of the Sandoval County evidence was: (1) to “bolster the testimony of the alleged victim ... to show that . . . she’s not misinterpreting [Defendant’s actions,]” and (2) that the evidence was “only being offered to prove the witnesses] understanding” and not the Defendant’s intent. It further concluded that the Sandoval County evidence was “extremely prejudicial to the defense” and “more prejudicial than probative [under a Rule 11-403 analysis.]” This ruling encouraged Defendant to proceed at trial with his theory that Child may have misinterpreted Defendant’s intentions, with the understanding that raising this theory would not trigger a Rule 11-404(B)(2) exception to the rule’s prohibition against using other bad acts evidence. Accordingly, defense counsel asserted in his opening statement that expert testimony would show that Child “may be misinterpreting what may be normal contact between a parent and a child.” The majority affirms the conviction on the basis that Defendant opened the door to the Sandoval County evidence when he asserted this theory of defense. Maj. Op. ¶¶ 16-17.1 submit that it is unfair to Defendant to conclude that he opened the door to the Sandoval County evidence when he did so in reliance on the district court’s specific pretrial ruling that his theory of defense concerning Child’s potential for misinterpretation would in fact not open the door to the Sandoval County evidence. Under these circumstances, I would reverse the conviction on the basis that the district court’s actions in this case created a situation that “appears . . . inconsistent with substantial justice.” Rule 5-113 NMRA (“Error in either the admission or exclusion of evidence and error or defect in any ruling ... is not grounds for granting a new trial . . . unless refusal to take . . . such action appears to the court inconsistent with substantial justice.”).[3] {35} Second, the majority extends Rule 1 l-404(B)(2)’s “intent” exception beyond the circumstances previously identified by our Supreme Court. At the time that the district court decided to admit the Sandoval County evidence, no evidence had yet been presented by either party calling Defendant’s intent into question, and defense counsel had not yet presented its evidence concerning Child’s potential for misinterpretation. Although defense counsel raised the misinterpretation issue in his opening statement, opening statements are not evidence. See UJI 14-101 NMRA (“Statements of the lawyers . . . are not themselves evidence.”). Our Supreme Court has held that other acts evidence involving the same victim generally may be admitted in child sexual abuse cases to counter evidence that has been admitted showing that the defendant did not have the requisite sexual intent. See State v. Sena, 2008-NMSC-053, ¶ 14, 144 N.M. 821, 192 P.3d 1198 (affirming admission of other acts evidence where Defendant told witnesses that he had touched the victim’s vagina while putting ointment on her rash and that he had not done so sexually); State v. Kerby, 2007-NMSC-014, ¶ 26, 141 N.M.413, 156 P.3d 704 (affirmingadmission of other acts evidence where the defendant “injected the issue of intent by calling his mother to testify that [the defendant told her the touch was merely a fatherly pat on the bottom”); Otto, 2007-NMSC-012, ¶ 11 (affirming admission of other acts evidence where evidence had been presented that Defendant told detectives he may have sexually touched the victim unconsciously while he was half-asleep). However, we have not encountered any case from our Supreme Court concluding that other acts evidence may be admitted before any evidence was presented calling the defendant’s intent into question but merely because the defendant’s intent is an element of the crime and is at issue in every child sexual assault case. Because a defendant’s intent is normally an element of every criminal charge, allowing the state to use other bad acts evidence to establish its initial burden of proof regarding the element of criminal intent, before any evidence is admitted placing Defendant’s intent into question, effectively eviscerates the well-recognized protections provided under Rule 11-404(B)(1). {36} It has been a longstanding fear that criminal propensity or other bad acts evidence is extremely prejudicial and may be misapplied to obtain a conviction. See Gallegos, 2007-NMSC-007, ¶21 (“The nearly universal view is that other-acts evidence, although logically relevant to show that the defendant committed the crime by acting consistently with his or her past conduct, is inadmissible because the risk that a jury will convict for crimes other than those charged — or that, uncertain of guilt, it will convict anyway because abad person deserves punishment — creates a prejudicial effect.” (internal quotation marks and citation omitted)); State v. Lamure, 1992-NMCA-137, ¶ 47, 115 N.M. 61, 846 P.2d 1070 (Hartz, J., specially concurring) (“One cannot ignore the long tradition of courts and commentators expressing fear that jurors are too likely to give undue weight to evidence of a defendant’s prior misconduct and perhaps even to convict the defendant solely because of a belief that the defendant is a bad person.”); see also Old Chief, 519 U.S. at 181 (recognizing that although other acts evidence is relevant, “the risk that a jury will convict for crimes other than those charged — or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment — creates a prejudicial effect”); People v. Smallwood, 722 P.2d 197, 205 (Cal. 1986) (recognizing that other acts evidence “is the most prejudicial evidence imaginable against an accused”), disagreed with on other grounds by People v. Bean, 760 P.2d 996, 1008 n. 8 (Cal. 1988); Edward J. Imwinkelried, Undertaking the Task of Reforming the American Character Evidence Prohibition: The Importance of Getting the Experiment Off on the Right Foot, 22 Fordham Urb. L.J. 285, 288 (1995) (“The contemporary abhorrence of sexual misconduct and offenses against children is as intense as it is widespread. Repulsed by evidence of such uncharged crimes by an accused, a juror might be tempted to look past weaknesses in the prosecution’s proof of the accused’s guilt of the uncharged crime.”). I would urge our Supreme Court to reconsider and clarify the bounds of the application of Rule 11-404(B)(2) during the state’s case-in-chief, especially under the circumstances presented in this case. TIMOTHY L. GARCIA, Judge It is also worth noting that when the district court eventually allowed the State to present the Sandoval County evidence, it explained only that the evidence was “relevant” to “[i]ntent,” which was “a material issue in this case.” The district court did not re-evaluate its pretrial determination that the Sandoval County evidence was “extremely prejudicial” and “more prejudicial than probative” under Rule 11-403. Without more in the record, it is impossible to determine why the district court reversed its previous ruling and determined that the highly prejudicial Sandoval County incident became admissible under Rule 11 -403. No explanation other than relevance was identified by the district court.