92 Cal.Rptr.2d 884 (2000)
78 Cal.App.4th 489
The PEOPLE, Plaintiff and Respondent,
v.
Dennis McFARLAND, Defendant and Appellant.
No. B128007.
Court of Appeal, Second District, Division Six.
February 23, 2000.
*886 Ralph H. Goldsen, Goleta, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.
*885 COFFEE, J.
Here we conclude that Evidence Code section 1108[1] does not allow a psychiatrist called as an expert witness to render an opinion about the accused's sexual proclivities during the prosecution's case-in-chief. Section 1108 permits the prosecution to prove a defendant's sexual propensity through evidence of specific instances of conduct. It does not alter section 1102's rule that opinion evidence about a defendant's character is inadmissible unless the defendant first places his character in issue.

PROCEDURAL HISTORY
A jury convicted appellant Dennis McFarland of annoying or molesting a child, under Penal Code section 647.6. Before his trial began, appellant admitted two prior felony convictions for lewd conduct with a child under 14 years of age. (Pen.Code, § 288, subd. (a).) These prior convictions elevated the current offense from a misdemeanor to a felony, and rendered appellant eligible for sentencing under the Three Strikes law. (Pen.Code, §§ 647.6, subd. (c)(2), 1170.12.) Appellant was sentenced to prison for a term of 25 years to life. We reverse.

FACTS
Amparo G. has three children: eleven-year-old Robert, six-year-old Breana, and four-year-old Isabella. She was employed at a laundromat in San Luis Obispo. Appellant frequented the area and often entered the laundromat in an intoxicated state.
Amparo's children were with her at work one afternoon when appellant approached them. He was walking unsteadily and appeared to be drunk. He sat down next to Breana, who immediately moved away, and told Amparo, "I'm sorry to bother you, but I just had to come and see your beautiful children." He then pulled Isabella towards him, stroking her arm. Isabella tried to pull away and seemed afraid. Appellant stroked her face to try to make her look up at him.
Amparo and Robert pulled Isabella away from appellant and the family left the building. As they were leaving, appellant grabbed Amparo's arm and asked, "What's the matter, mama? Don't you love me?"
Appellant had been convicted of lewd conduct with a child under 14 years of age *887 in 1981 and 1986. (Pen.Code, § 288, subd. (a).) Dr. Mark Daigle, a forensic psychiatrist, reviewed court documents and psychiatric reports from those cases, in addition to the police report from the instant case. Based on the information contained in these documents, he opined that appellant was motivated by unnatural or abnormal sexual interest in children when he touched Isabella. Dr. Daigle did not personally interview or examine appellant, and had no independent knowledge about his prior offenses or mental condition.
To support his opinion that appellant's conduct in the laundromat was sexually motivated, Dr. Daigle relied on the following information, all of which was gathered from the reports he reviewed: Appellant had a history of sexual dysfunction going back to his childhood. He had reported having abnormal sexual relations with adults, particularly with respect to impotence and premature ejaculation. He also described "infantile sexual behavior" such as exhibitionism and masturbating in public areas, and acknowledged being sexually attracted to prepubescent girls.
The reports showed that appellant had admitted his involvement in the prior molestations. The victims in those cases had been seven and eight years old, respectively, and appellant's relationships with them had developed over a period of months. He knew the mother of one of the girls; the other girl was enrolled in his sister's day care. Both molestations had involved fondling, skin-to-skin contact, masturbation, and digital penetration. The reports also describe an incident in which appellant kissed a two-year-old girl on the lips in "a wave of lust," but had not been convicted of any offense. This child was also being cared for by appellant's sister. The report showed that after that incident, the victim told appellant's sister that appellant had "licked [her] pee pee."
Dr. Daigle characterized appellant's contact with children as "intermittent" and "impulsive." In his opinion, people with appellant's type of sexual disorder[2] are unlikely to recover spontaneously. Alcohol and stress make it more likely that a person with appellant's disposition will act upon his attraction to children.
Other than Dr. Daigle's testimony, no evidence was presented about appellant's prior convictions or his disposition to commit sexual offenses.

DISCUSSION
Defense counsel filed motions in limine seeking to restrict Dr. Daigle's testimony. He argued that the proposed testimony about appellant's prior molestations and sexual propensity would amount to improper character evidence. The trial court allowed the doctor to testify under the authority of section 1108. We conclude that most of Dr. Daigle's testimony was inadmissible under sections 1101, subdivision (a) and 1102, and that section 1108 does not authorize an expert to render an opinion about the defendant's sexual propensity during the prosecution's case-in-chief.[3]
Character evidence may take the form of an opinion, reputation or specific acts. *888 (§ 1100.) Section 1101, subdivision (a), establishes a general rule that character evidence is inadmissible to prove conduct: "Except as provided in this section and in Sections 1102 ... [and] 1108 ..., evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion." (Italics added.)
An expert opinion about a defendant's disposition to engage in sexual conduct with children is a form of character evidence. (See People v. Stoll (1989) 49 Cal.3d 1136, 1152-1153, 265 Cal.Rptr. 111, 783 P.2d 698.) Dr. Daigle's testimony was thus inadmissible under section 1101, subdivision (a), unless it falls within one of the exceptions enumerated in that statute. (See People v. Felix (1999) 70 Cal.App.4th 426, 432, 82 Cal.Rptr.2d 701.) None of the exceptions apply to this case.
Section 1101, subdivision (b) permits "evidence that a person committed a crime, civil wrong or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge ...) other than his or her disposition to commit such act." (See People v. Ewoldt (1994) 7 Cal.4th 380, 393, 400, 27 Cal.Rptr.2d 646, 867 P.2d 757.) Section 1101, subdivision (b) thus permits evidence of uncharged specific acts for certain limited purposes, but does not authorize opinion testimony about a defendant's character.
Section 1102 provides, "In a criminal action, evidence of the defendant's character or a trait of his character in the form of an opinion or evidence of his reputation is not made inadmissible by Section 1101 if such evidence is: [¶] (a) Offered by the defendant to prove his conduct in conformity with such character or trait of character. [¶] (b) Offered by the prosecution to rebut evidence adduced by the defendant under subdivision (a)." (Italics added; see People v. Stoll, supra, 49 Cal.3d at p. 1153, 265 Cal.Rptr. 111, 783 P.2d 698.) Section 1102 allows the prosecution to present relevant opinion evidence regarding a defendant's character, but only when the defendant has first offered evidence placing his character in issue. (People v. Pangelina (1984) 153 Cal.App.3d 1, 8, 199 Cal.Rptr. 916.)
Section 1108, subdivision (a), under which Dr. Daigle's testimony was actually admitted, provides, "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to section 352." (Italics added; see People v. Falsetta (1999) 21 Cal.4th 903, 907, 922, 89 Cal.Rptr.2d 847, 986 P.2d 182; People v. Soto (1998) 64 Cal.App.4th 966, 982-984, 75 Cal.Rptr.2d 605; People v. Fitch (1997) 55 Cal.App.4th 172, 63 Cal. Rptr.2d 753.) Like section 1101, subdivision (b), section 1108 authorizes evidence of a defendant's uncharged acts in certain cases, but says nothing about opinion evidence regarding character. (See People v. Callahan (1999) 74 Cal.App.4th 356, 378, 87 Cal.Rptr.2d 838.)
Appellant was charged with annoying or molesting a child under Penal Code section 647.6, which required proof that his conduct was motivated by an unnatural or abnormal sexual interest in the victim. (People v. Lopez (1998) 19 Cal.4th 282, 289, 79 Cal.Rptr.2d 195, 965 P.2d 713.) Competent evidence of his prior molestation offenses would have been admissible under section 1101, subdivision (b), because those specific acts tended to show that appellant had the requisite mental state when he touched Isabella. (See People v. Thompson (1988) 206 Cal.App.3d *889 459, 466, fn. 3, 253 Cal.Rptr. 564.) Such evidence also would have been admissible under section 1108, to show that appellant had a propensity to engage in sexual conduct with children. (See People v. Falsetto, supra, 21 Cal.4th at p. 907, 89 Cal. Rptr.2d 847, 986 P.2d 182.)
The problem here is that Dr. Daigle's testimony was not limited to evidence of specific acts under sections 1108 and 1101, subdivision (b). Rather, he offered an expert opinion on the ultimate issue that appellant harbored an unnatural or abnormal sexual interest in Isabella when he touched her in the laundromat. Under section 1102, opinion evidence about a criminal defendant's character may only be offered by the prosecution in rebuttal to similar evidence presented by the defense. (People v. Bunyard (1988) 45 Cal.3d 1189, 1216, 249 Cal.Rptr. 71, 756 P.2d 795.) Appellant presented no evidence regarding his character, making Dr. Daigle's opinion inadmissible under section 1102. (People v. Garcia (1984) 160 Cal.App.3d 82, 91, 206 Cal.Rptr. 468.)
Even that portion of Dr. Daigle's testimony which described appellant's prior conduct was largely inadmissible for its truth. Dr. Daigle did not have personal knowledge about the prior molestations and had not interviewed appellant. He based his opinion on information contained in court documents and psychiatric reports, much of which constituted hearsay. Although an expert may base an opinion on reliable hearsay, such evidence is not independently admissible. (Evid.Code, § 801; People v. Gardeley (1997) 14 Cal.4th 605, 617-618, 59 Cal.Rptr.2d 356, 927 P.2d 713; People v. Ainsworth (1988) 45 Cal.3d 984, 1012, 248 Cal.Rptr. 568, 755 P.2d 1017; see also People v. Soto, supra, 64 Cal.App.4th at p. 984, 75 Cal.Rptr.2d 605 [§ 1108 does not supercede hearsay requirements].)
Opinion testimony regarding character is not made admissible by sections 1108 and 1101, subdivision (b), as suggested by the Attorney General. Section 1108, subdivision (a) allows "evidence of the defendant's commission of another sexual offense or offenses." Section 1101, subdivision (b) is similarly limited to evidence of specific prior acts. Neither section purports to alter section 1102, by allowing an expert witness to offer an opinion about the defendant's character during the prosecution's case-in-chief. Dr. Daigle's opinion about appellant's sexual propensity and mental state was based in part on facts that would have been admissible under sections 1108 and 1101, subdivision (b) if they had been independently proven, but his testimony went far beyond any description of the prior offenses authorized by those provisions.
The Attorney General's reliance on People v. Callahan, supra, 74 Cal.App.4th 356, 87 Cal.Rptr.2d 838 is misplaced. In Callahan, the court held that a defendant was entitled to present otherwise admissible character evidencewhether in the form of specific acts, reputation or opinionto rebut prosecution evidence of prior sexual offenses under section 1108. (Id. at pp. 375-378, 87 Cal.Rptr.2d 838.) It did not conclude that section 1108 altered section 1102, or itself authorized opinion evidence of sexual propensity during the prosecution's case-in-chief. To the contrary, Callahan assumes that section 1108 authorizes only the "specific act" variety of character evidence. (Id. at p. 378, 87 Cal. Rptr.2d 838.)
The error in admitting Dr. Daigle's testimony is governed by the standard of prejudice articulated in People v. Watson (1956) 46 Cal.2d 818, 836, 299 P.2d 243, which asks whether a more favorable verdict was "reasonably probable" absent the error. We conclude reversal is required under this standard.
The defense did not dispute that appellant had approached Amparo's family *890 while intoxicated and touched Isabella on her arm and face. The critical issue was whether the touching, which was not overtly sexual, was nonetheless motivated by a sexual interest in the child. Dr. Daigle's opinion that the touching was accompanied by the requisite mental state and his detailed description of appellant's sexual proclivities was the prosecution's most compelling evidence that appellant had violated Penal Code section 647.6.
It is true that even without Dr. Daigle's testimony, the jury probably would have learned that appellant molested young girls in 1981 and 1986. But these events were not recent, involved victims who were older than Isabella, and took place in private settings. These factors tended to diminish the weight of the prior conviction evidence, and a jury that had not heard Dr. Daigle's extensive testimony about appellant's sexual deviancy might well have harbored a reasonable doubt that appellant's conduct in the laundromat was sexually motivated.
Dr. Daigle's testimony was not only heavily relied upon by the prosecution, it embraced matters that were prejudicial and otherwise inadmissible. For example, the testimony that appellant's actions were motivated by a sexual interest in children violated Penal Code section 29, which prohibits an expert from offering an opinion on the ultimate question of whether the defendant had or did not have a particular mental state at the time he committed the offense. (People v. Nunn (1996) 50 Cal.App.4th 1357, 1364, 58 Cal.Rptr.2d 294; People v. Czahara (1988) 203 Cal.App.3d 1468, 1477, 250 Cal. Rptr. 836.)@ Dr. Daigle also testified that appellant had been evaluated and rejected for treatment under the former Mentally Disordered Sex Offenders (MDSO) Program, as not amenable to treatment. Appellant's amenability to the MDSO program was irrelevant to prove the nature of his prior conduct and would not have been admissible as "specific act" character evidence under sections 1108 or 1101, subdivision (b).[4] The effect of this information was to portray appellant as a dangerous and untreatable sexual deviant, and was highly prejudicial.
Because the error in admitting Dr. Daigle's testimony was not harmless, the case must be remanded for a retrial. We need not reach appellant's remaining arguments on appeal.
The judgment is reversed.
GILBERT, P.J., and ABBE, J.[*], concur.
NOTES
[1] All further statutory references are to the Evidence Code unless otherwise indicated.
[2] Dr. Daigle believed appellant suffered from pedophilia. The court ordered him not to use this term in front of the jury due to its likely prejudicial effect. Dr. Daigle testified that appellant had a mental disorder, but did not give it a name.
[3] Though defense counsel focused on sections 1108 and 352 during the pretrial hearing, he also filed a "Motion in Limine to Exclude Evidence of Child Molester Profiles," arguing that Dr. Daigle's testimony should be excluded under section 1102. Because this motion was advanced on a specific legal theory, was directed to a particular, identifiable body of evidence, and was made at a time when the trial judge could determine the evidentiary question in its appropriate context, the issue has been adequately preserved on appeal. (People v. Wharton (1991) 53 Cal.3d 522, 549-550, fn. 3, 280 Cal.Rptr. 631, 809 P.2d 290.)
[4] Appellant did not specifically object to Dr. Daigle's testimony on these grounds. We consider this portion of the testimony as indicia of prejudice, and not as a separate error.
[*] Assigned by the Chairperson of the Judicial Council.