■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MILLAN, Appellant. [743 NYS2d 872] —Order, Supreme Court, New York County (Lewis Stone, J.), entered on or about

May 31, 2001, which adjudicated defendant a sex offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*) and required him to register as a risk level one sex offender in New York State, unanimously reversed, on the law, without costs, and the order vacated.

The People argue here for the first time that defendant's federal conviction for violation of 18 USC § 2252A (a) (2) and (b) (1), an attempt to knowingly receive or distribute child pornography or material containing child pornography, more closely resembles Penal Law § 263.15, promoting a sexual performance by a child, a class D felony, than Penal Law § 263.16, possessing a sexual performance by a child, a class E felony. The latter was determined, after a hearing and in accordance with the views at the time of the People and defendant, to be the analogous New York offense pursuant to SORA (*see*, Correction Law § 168-a [2] [b]). The significance of the People's argument lies in the fact that SORA only requires registration of sexual offenders for a foreign conviction where it is equivalent to a felony under New York law, and that Penal Law § 110.05 provides that an attempt to commit either of the New York offenses at issue would be classified as one grade lower than the offense itself. Thus, under the court's determination that the class E felony was the analogous crime, defendant would not have to register, because an attempt to commit a class E felony is a class A misdemeanor.

The People's argument is not preserved for our review. Defendant had no opportunity to rebut it before the hearing court, since it was not raised at the hearing or discussed in the hearing court's decision (*see*, *People v More*, 97 NY2d 209, 214; *People v Chavis*, 91 NY2d 500, 506; *People v Dodt*, 61 NY2d 408, 416). As a consequence, we are constrained to find that defendant's federal conviction is not a felony conviction requiring registration under SORA, since the analogous New York offense was, in effect, found to be the class A misdemeanor, attempted possession of a sexual performance by a child (Penal Law §§ 110.05, 263.16). Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.