**Certiorari Granted, May 11, 2011, No. 32,943**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-047**

**Filing Date: February 15, 2011**

**Docket No. 29,138**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**BRUCE HALL,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**CASTILLO, Chief Judge.**

**{1}**     Defendant appeals his conviction for failure to register as a sex offender, contrary to the provisions of the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007). The sole issue on appeal is whether Defendant is subject to SORNA's registration requirements based on his California

1

conviction for annoying or molesting children. Defendant argues that California's crime of annoying or molesting a child is not a sex offense as defined by SORNA, and thus, he is not required to register as a sex offender. We agree and reverse.

**BACKGROUND**

**{2}** The facts in this case are not in dispute. In 1999, Defendant was convicted in California of the misdemeanor offense of annoying or molesting a child, in violation of California Penal Code Section 647.6(a)(1) (2006). Based on this conviction, Defendant was required to register as a sex offender in California. Defendant subsequently moved to New Mexico and did not register as a sex offender in New Mexico. In 2008, Defendant was indicted for failure to register as a sex offender in violation of Section 29-11A-4(A). Defendant filed a motion to dismiss, arguing that the California offense is not equivalent to any of the sex offenses listed in Section 29-11A-3(E), and he was therefore not a sex offender. The district court denied the motion, and Defendant entered into a conditional guilty plea reserving his right to appeal this issue.

**DISCUSSION**

**{3}** The question presented in this appeal is whether Defendant is a sex offender, as defined by SORNA, based on his California conviction for annoying or molesting a child. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

**{4}** SORNA mandates that all sex offenders residing in New Mexico register with the sheriff for the county in which they reside. *See* Section 29-11A-4(A). SORNA provides that "[a] sex offender who willfully or knowingly fails to comply with [SORNA's] registration requirements . . . is guilty of a fourth degree felony." Section 29-11A-4(N). SORNA defines sex offender in various ways. As applicable to Defendant, a sex offender is "a person . . . who changes residence to New Mexico, when that person has been convicted of a sex offense pursuant to state, federal, tribal or military law." Section 29-11A-3(D)(2). SORNA defines "sex offense" as any of the following offenses or their equivalents in any other jurisdiction:

> (1)    aggravated criminal sexual penetration or criminal sexual penetration in the first, second, third or fourth degree, as provided in Section 30-9-11 NMSA 1978;
> (2)    criminal sexual contact in the fourth degree, as provided in Section 30-9-12 NMSA 1978;
> (3)    criminal sexual contact of a minor in the second, third

or fourth degree, as provided in Section 30-9-13 NMSA 1978;

        (4)     sexual exploitation of children, as provided in Section 30-6A-3 NMSA 1978;

        (5)     sexual exploitation of children by prostitution, as provided in Section 30-6A-4 NMSA 1978;

        (6)     kidnapping, as provided in Section 30-4-1 NMSA 1978, when the victim is less than eighteen years of age and the offender is not a parent of the victim;

        (7)     false imprisonment, as provided in Section 30-4-3 NMSA 1978, when the victim is less than eighteen years of age and the offender is not a parent of the victim;

        (8)     aggravated indecent exposure, as provided in Section 30-9-14.3 NMSA 1978;

        (9)     enticement of child, as provided in Section 30-9-1 NMSA 1978;

        (10)     incest, as provided in Section 30-10-3 NMSA 1978, when the victim is less than eighteen years of age;

        (11)     solicitation to commit criminal sexual contact of a minor in the second, third or fourth degree, as provided in Sections 30-9-13 and 30-28-3 NMSA 1978; or

        (12)     attempt to commit any of the sex offenses set forth in Paragraphs (1) through (10) of this subsection, as provided in Section 30-28-1 NMSA 1978.

Section 29-11A-3(E). Thus, under SORNA, Defendant is a sex offender based on his conviction for annoying or molesting a child if that offense is equivalent to any of the sex offenses enumerated in Section 29-11A-3(E).

**{5}**    The State argues that annoying or molesting a child is equivalent to criminal sexual contact of a minor (CSCM), as defined by NMSA 1978, Section 30-9-13 (2003). We disagree. SORNA does not define the term "equivalent." However, in determining whether annoying or molesting a child is equivalent to CSCM, we focus our inquiry on the statutory elements of the offenses. *See State v. Lewis*, 2008-NMCA-070, ¶¶ 22-43, 144 N.M. 156, 184 P.3d 1050 (examining the elements of the statutes to determine whether the defendant's Colorado conviction for driving while ability impaired was "equivalent" to New Mexico's offense of driving while under the influence of intoxicating liquor or drugs within the meaning of NMSA 1978, Section 66-8-102(R) (2010)).

**{6}**    Under Section 30-9-13(A), CSCM is defined as "the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts." "[The] corpus delecti [of CSCM] is not established when independent evidence supports reasonable and logical inferences of both criminal agency and noncriminal cause." *State v. Weisser*, 2007-NMCA-015, ¶ 36, 141 N.M. 93, 150 P.3d 1043 (alteration, internal quotation marks, and citation omitted). CSCM can be committed in a number of ways. *See, e.g.*, § 30-9-13(B) (defining criminal sexual contact of a minor as being on a child under thirteen years of age, or on a child thirteen to

3

eighteen years of age, when the perpetrator is in a position of authority, uses force, coercion, or is armed with a deadly weapon). However, in all cases, conviction of CSCM requires proof of touching or application of force. *See* UJI 14-921 NMRA; UJI 14-936 NMRA.

**{7}** In contrast, conviction of annoying or molesting a child, pursuant to California Penal Code Section 647.6(A)(1), requires proof that: (1) the defendant engaged in conduct directed toward a child, (2) a normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct, and (3) the defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child. *See* Cal. Crim. Jury Instruction 10.57 (2010). There is no requirement of touching or application of force for conviction. *See People v. Memro*, 905 P.2d 1305, 1352-53 (Cal. 1995) (in bank) (noting that Section 647.6 lacks the element of lewd touching), *overruled on other grounds by People v. Gaines*, 205 P.3d 1074 (Cal. 2009); *People v. Lopez*, 965 P.2d 713, 717 (Cal. 1998) (stating that Section 647.6 does not require touching). The offense can be committed by words alone. *See People v. La Fontaine*, 144 Cal. Rptr. 729, 735 (Ct. App. 1978).

**{8}** Based on a comparison of the elements of the offenses, we do not believe that annoying or molesting a child is equivalent to CSCM because CSCM contains the essential element of touching or application of force to the victim, and annoying or molesting a child does not. *Compare Lewis*, 2008-NMCA-070, ¶ 28 (determining that two statutes were equivalent where the elements of the statutes, as defined by case law and jury instructions, were nearly identical).

**{9}** The State argues that both statutes operate to protect children from sexual predators, and both require proof of an abnormal sexual interest in children. *See People v. McFarland*, 92 Cal. Rptr. 2d 884, 888 (Ct. App. 2000) (stating that conviction under California Penal Code Section 647.6 requires proof that the defendant's conduct was motivated by an unnatural or abnormal sexual interest in children); *State v. Kerby*, 2007-NMSC-014, ¶ 26, 141 N.M. 413, 156 P.3d 704 (stating that the unlawful element of CSCM can be shown by evidence that the defendant's behavior was done to arouse or gratify sexual desire). However, the fact that both statutes may serve similar purposes is in no way controlling. Because the statutes differ on the essential element of touching or application of force, we hold that they are not equivalent under SORNA, and Defendant is not required to register as a sex offender in New Mexico based on his California conviction for annoying or molesting a child.

**CONCLUSION**

**{10}** For these reasons, we reverse Defendant's conviction for failure to register as a sex offender.

**{11}   IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

4

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

**Topic Index for _State v. Hall_, Docket No. 29,138**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-FE | Fundamental Error |
| | |
| **MS** | **MISCELLANEOUS STATUTES** |
| MS-SX | SORNA (Sexual Offender Registration and Notification Act) |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |