**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2013-NMCA-069

Filing Date: May 3, 2013

Docket No. 31,626

STATE OF NEW MEXICO,

       Plaintiff-Appellee,

v.

BRETT ORR,

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**WECHSLER, Judge.**

**{1}**    Defendant Brett Orr appeals his conviction for failure to register as a sex offender in violation of NMSA 1978, Section 29-11A-4 (2005).  The sole issue on appeal is whether Defendant's conviction for "taking indecent liberties with children" in North Carolina is equivalent to any of the twelve enumerated offenses under the New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007).  Relying upon *State v. Hall* (*Hall II*), 2013-NMSC-001, 294 P.3d 1235, we hold that an out-of-state offense is "equivalent" to a sex offense in New Mexico

1

if the defendant's actual conduct supporting his or her out-of-state conviction would have constituted any of the twelve sex offenses under SORNA. We further conclude that the record is insufficient to determine the factual basis supporting Defendant's conviction in North Carolina. Accordingly, we remand to the district court for further proceedings.

## BACKGROUND

**{2}** Defendant was convicted of taking indecent liberties with children in North Carolina, which required him to register as a sex offender for life in North Carolina. Subsequently, Defendant moved to New Mexico. He registered as a sex offender in San Juan County, New Mexico on May 12, 2011. Shortly thereafter, he relocated to Cibola County, New Mexico and failed to notify and register with that county's sheriff's offices. As a result, Defendant was charged with failure to register as a sex offender under SORNA.

**{3}** Defendant entered into a plea agreement on August 22, 2011 and orally reserved his right to withdraw the plea should legal research reveal that his conviction in North Carolina is not equivalent to a sex offense under SORNA such that it did not require him to register as a sex offender in New Mexico. On August 25, 2011, Defendant filed a motion to withdraw his plea and dismiss the charge. The State filed a response and argued that based on Defendant's alleged conduct in North Carolina, he could have been charged with a number of sex offenses in New Mexico. The district court did not make any formal findings as to the factual basis supporting Defendant's underlying conviction.

**{4}** After comparing the elements of the North Carolina offense of taking indecent liberties with children with the twelve enumerated offenses under SORNA, the district court concluded that there is no one-to-one correlation between North Carolina's sex offense and a single New Mexico sex offense. Nevertheless, the district court concluded that taking indecent liberties with children encompasses five sex offenses in New Mexico: (1) enticement of a child, contrary to NMSA 1978, Section 30-9-1 (1963); (2) solicitation to commit criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, Section 30-9-13 (2003) and Section 30-28-3 (1979); (3) attempted CSCM, contrary to Section 30-9-13 and NMSA 1978, Section 30-28-1 (1963); (4) attempted aggravated indecent exposure, contrary to NMSA 1978, Section 30-9-14.3 (1996) and Section 30-28-1; and (5) attempted sexual exploitation of children, contrary to NMSA 1978, Section 30-6A-3 (2007) and Section 30-28-1. Consequently, the district court denied Defendant's motion to withdraw his plea and dismiss the charge.

## OBLIGATION TO REGISTER UNDER SORNA

**{5}** We must determine whether the North Carolina crime of taking indecent liberties with children is equivalent to any sex offense in New Mexico, thereby requiring Defendant to register as a sex offender in New Mexico under SORNA. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50.

**{6}** SORNA requires sex offenders residing in New Mexico to register with their local county sheriff. *See* § 29-11A-4(A). A "sex offender" is an individual convicted of a "sex offense." *See* § 29-11A-3(D). " 'Sex offense' is defined as any of twelve enumerated New Mexico offenses 'or their equivalents in any other jurisdiction.' " *Hall II*, 2013-NMSC-001, ¶ 6 (quoting Section 29-11A-3(E)).

**{7}** In *State v. Hall* (*Hall I*), 2011-NMCA-047, 149 N.M. 546, 252 P.3d 770, *rev'd by* 2013-NMSC-001, the defendant was convicted of annoying or molesting a child in California, which required him to register as a sex offender in California. *Hall I*, 2011-NMCA-047, ¶ 2. He subsequently moved to New Mexico, did not register as a sex offender, and was charged with failure to register as a sex offender. *Id.* The defendant moved to dismiss the charge and argued that the "annoying or molesting" statute in California was not equivalent to any of the sex offenses in New Mexico. *Id.* The district court denied the defendant's motion. *Id.*

**{8}** On appeal, the state in *Hall I* argued that annoying or molesting a child is equivalent to CSCM in New Mexico. *Id.* ¶ 5. Noting that the Legislature did not define "equivalent," we compared the elements of the offenses to determine whether they were equivalent. *Id.* ¶¶ 5-8; *see also State v. Lewis*, 2008-NMCA-070, ¶¶ 22-43, 144 N.M. 156, 184 P.3d 1050 (holding that the defendant's Colorado conviction for driving while ability impaired was "equivalent" to a New Mexico conviction for driving while under the influence of intoxicating liquor or drugs because the elements of both statutes were substantially identical in nature and definition when compared to each other). In *Hall I*, we held that the defendant's California conviction was not equivalent to New Mexico's CSCM because our CSCM statute requires touching or application of force to the victim, whereas California's annoying or molesting statute does not. *Hall I,* 2011-NMCA-047, ¶ 8. The state petitioned our Supreme Court for a writ of certiorari, which was granted. *State v. Hall*, 2011-NMCERT-005, 150 N.M. 667, 265 P.3d 718.

**{9}** During the district court proceedings and the initial appellate briefing in the present case, *Hall I* was the applicable law in New Mexico. Therefore, the parties and the district court relied upon *Hall I*, respectively, in making their arguments and reaching its conclusion. The day after the State filed its answer brief, our New Mexico Supreme Court filed *Hall II*, 2013-NMSC-001, which reversed *Hall I*, 2011-NMCA-047. The Supreme Court held that "courts must look beyond the elements of the [out-of-state] conviction to the defendant's actual conduct" to determine equivalence. *Hall II*, 2013-NMSC-001, ¶ 18. In doing so, the Court clarified that a comparison of the elements is still relevant.

> When the elements of the out-of-state sex offense are precisely the same elements of a New Mexico sex offense, the inquiry is at an end. However, even when the elements are dissimilar, courts should consider the defendant's underlying conduct to determine whether the defendant's conduct would have required registration in New Mexico as a sex offender.

3

*Id.*

**{10}** In this case, Defendant was convicted of taking indecent liberties with children contrary to N.C. Gen. Stat., Section 14-202.1 (1994), which states as follows:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
>
> (b) Taking indecent liberties with children is punishable as a Class F felony.

We agree with the district court that the elements of taking indecent liberties with children do not correspond exactly with the elements of any of the sex offenses under SORNA; nevertheless, this broad offense encompasses a number of sex offenses in New Mexico. This conclusion, however, does not complete our analysis. In accordance with *Hall II*, we must consider Defendant's underlying conduct to determine whether that conduct would have required him to register in New Mexico as a sex offender. Unfortunately, the record before us is insufficient to make this determination.

**{11}** The State and Defendant acknowledge that the district court did not make any formal findings as to the underlying conviction. The State asks this Court to remand this case to the district court for an evidentiary hearing. Defendant argues that because the record does not contain sufficient facts as to the underlying conviction, the district court "was limited to the statutory elements comparison . . . under which there was no equivalency and Defendant was not required to register in New Mexico."

**{12}** Our Supreme Court in *Hall II* recognized that "in some cases, such as a guilty plea in which there was no allocution, there will be no factual findings for a New Mexico court to review." 2013-NMSC-001, ¶ 24. In those cases, "the court will be limited to comparing the elements of the foreign sex offense to those of the enumerated offenses under SORNA." *Id.* This case is not such a case.

**{13}** Although we do not have a sufficient record on appeal, the State has indicated that during the pendency of this appeal, it obtained several documents from the district attorney's office and court in North Carolina, including an investigation report, grand jury indictment,

4

transcript of plea, prior convictions for sentencing, and judgment and commitment, to understand the underlying facts and procedural posture of Defendant's conviction in North Carolina. *See Hall II*, 2013-NMSC-001, ¶ 22 ("When a defendant enters a plea of guilty or nolo contendere, the charging document, plea agreement, or transcript of the plea hearing should establish the factual basis for the plea."). Accordingly, we remand this case to the district court for further proceedings, with leave for Defendant to withdraw his guilty plea.

**OTHER ISSUES RAISED BY BRIEFS**

**{14}** The parties raise other issues in their briefs on appeal that we address summarily. Prior to *Hall II*, Defendant argued that, under the rule of lenity, this Court must construe Sections 29-11A-3 and 29-11A-4 in his favor if we determine that they are ambiguous. However, Defendant does not describe any ambiguity in Sections 29-11A-3 and 29-11A-4 as they relate to the issues in this case. *See State v. Davis*, 2003-NMSC-022, ¶ 14, 134 N.M. 172, 74 P.3d 1064 ("The rule of lenity counsels that criminal statutes should be interpreted in a defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute."). Absent an insurmountable ambiguity, the rule of lenity does not apply. *See Hall II*, 2013-NMSC-001, ¶¶ 9-19 (discussing SORNA's history and purpose, and rejecting the defendant's argument that the rule of lenity should apply).

**{15}** Also prior to *Hall II*, the State argued that we must recognize North Carolina's sex offense as a sex offense in New Mexico under the principles of comity and full faith and credit, because a conviction under SORNA is "a conviction in *any* court of competent jurisdiction." Section 29-11A-3(A) (emphasis added). Our Supreme Court rejected a similar argument in *Hall II*. *See Hall II*, 2013-NMSC-001, ¶ 29.

**{16}** In his reply brief, Defendant argues that the actual conduct approach announced by the Supreme Court in *Hall II* renders the failure to register statute void for vagueness. Because Defendant raises this issue for the first time in this case in his reply brief, the issue is not properly before us for review. *See State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 20, 127 N.M. 540, 984 P.2d 787 ("We will not consider arguments raised for the first time in a reply brief."). Defendant may assert this argument on remand in the district court.

**CONCLUSION**

**{17}** For the foregoing reasons, we remand to the district court for further proceedings consistent with *Hall II* and this opinion, with leave for Defendant to withdraw his guilty plea.

**{18}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

5

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for _State v. Orr_, No. 31,626**

**APPEAL AND ERROR**
Preservation of Issues for Appeal
Remand
Standard of Review
Failure to Preserve

**CONSTITUTIONAL LAW**
Full Faith and Credit

**CRIMINAL LAW**
Sexual Exploitation of Children
Sexual Offences

**MISCELLANEOUS STATUTES**
SORNA (Sexual Offender Registration and Notification Act)

**STATUTES**
Interpretation
Rules of Construction