# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: October 17, 2018

**NO. A-1-CA-34929**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MELVIN WINN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff Foster McElroy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**VIGIL, Judge.**

{1}     The opinion filed on October 15, 2018, is hereby withdrawn, and this opinion is filed in its stead. Melvin Winn (Defendant) appeals from the judgment and sentence entered upon his conditional guilty plea to one count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2015). Defendant argues that (1) his misdemeanor Colorado conviction for third degree sexual assault is not "equivalent" to any SORNA offense; and (2) even assuming his Colorado conviction corresponds to a SORNA offense if he had been an adult, because he was fifteen years old at the time he committed the sexual assault, his conduct constituted a delinquent act or youthful offender offense under New Mexico law that is not equivalent to a "conviction" for a SORNA offense. We agree with Defendant's first argument and reverse.

**BACKGROUND**

{2}     On June 8, 1999, when Defendant was fifteen years old, he was accused of committing sexual assault in Colorado. On April 3, 2001, a jury found Defendant guilty of one count of misdemeanor third degree sexual assault, a class 1 misdemeanor, in violation of Colo. Rev. Stat. Section 18-3-404 (1996, amended 2013), and first degree assault (non-sexual offense), a class 3 felony, in violation of

Colo. Rev. Stat. Section 18-3-202(1)(a) (1998, amended 2016). Defendant was sentenced to two years confinement for the misdemeanor sexual assault conviction with two years credit for time served.

{3} After Defendant moved to New Mexico, an indictment filed in February 2014 charged Defendant with one count of failure to register as a sex offender in violation of SORNA. Defendant filed a motion to dismiss the indictment, under *State v. Foulenfont*, 1995-NMCA-028, ¶ 3, 119 N.M. 788, 895 P.2d 1329, arguing that, as a matter of law, he did not meet the definition of a "sex offender" who has been convicted of a "sex offense" under SORNA. Citing *State v. Hall*, 2013-NMSC-001, 294 P.3d 1235, Defendant argued that the sexual offense for which he was convicted in Colorado "does not have the same elements as any of the sex offenses listed" in SORNA, requiring registration as a sex offender in New Mexico and that "[t]he only documentation that the State has provided that [Defendant] meets the definition of a 'sex offender' who has been convicted of a 'sex offense' . . . . is a [j]udgment of [c]onviction from Colorado dated July 12, 2001."

{4} The State contended that "Defendant was convicted at [a] jury trial of engaging in sexual contact, intrusion, or penetration with a child for the purpose of his own sexual gratification." The conduct forming the basis of this conviction, the State argued, is equivalent to the registrable New Mexico offense of criminal sexual contact of a minor (CSCM) or criminal sexual penetration (CSP). To

2

provide a factual basis for this assertion, the State tendered an unfiled, unsigned presentence report purporting to describe, based on information provided by the Littleton Police Department, the victim's and Defendant's accounts of the conduct giving rise to his convictions in Colorado.

{5}     At the hearing on Defendant's motion to dismiss, Defendant continued to assert that the elements of misdemeanor third degree sexual assault, for which he was convicted in Colorado, did not match any registrable SORNA offense. He further asserted that the State could not rely on the presentence report to establish the requisite factual basis of force, coercion, or penetration in order for Defendant's conduct to come within the scope of one of the potentially applicable SORNA offenses. The presentence report, Defendant asserted, was created based on the police report in the case and not, as is required under *Hall*, based on facts that the jury necessarily found at trial. The State replied that the presentence report clearly established that Defendant's conduct satisfies the definition of a SORNA offense—to wit, CSCM.

{6}     In a written order, the district court denied Defendant's motion to dismiss. The order states that "Defendant's conviction if obtained in New Mexico would consist of criminal sexual contact of a minor and would be a registerable offense. For all the above reasons and for the reasons cited in the State's brief in opposition to the [m]otion, . . . Defendant's [m]otion is DENIED."

3

**{7}** Thereafter, Defendant entered a conditional guilty plea to the charge of failure to register as a sex offender conditioned upon Defendant's reservation of the right to appeal the district court's denial of his motion to dismiss the indictment. This appeal followed.

**DISCUSSION**

**{8}** Contending that his conviction for third degree sexual assault is not equivalent to a registrable SORNA offense, Defendant argues (1) "[t]he elements of the Colorado misdemeanor offense of [s]exual [a]ssault in the [t]hird [d]egree do not correspond to a registrable offense in New Mexico"; and (2) "[t]he State failed to present evidence establishing that [his] actual conduct as found by the Colorado jury met the elements of any registrable offense in New Mexico."

**I.     Standard of Review**

**{9}** "In *Foulenfont*, we stated that it was proper for a district court to decide purely legal matters and dismiss a case when appropriate before trial[,]" where dispositive facts are undisputed. *State v. Platero*, 2017-NMCA-083, ¶ 7, 406 P.3d 557 (internal quotation marks and citation omitted); *see* Rule 5-601 NMRA. Whether a district court properly grants or denies a defendant's motion to dismiss an indictment on purely legal grounds presents a question of law that we review de novo. *See State v. Muraida*, 2014-NMCA-060, ¶ 12, 326 P.3d 1113 ("[W]e review de novo whether the district court erred in granting [a d]efendant's *Foulenfont*

4

motion."); *see State v. LaPietra*, 2010-NMCA-009, ¶ 5, 147 N.M. 569, 226 P.3d 668 ("The contours of the district court's power to conduct a pretrial hearing on a motion to dismiss charges . . . is a legal question reviewed under a de novo standard.").

{10} Additionally, whether Defendant's Colorado conviction for misdemeanor third degree sexual assault is "equivalent" to a registrable SORNA offense presents a question of statutory interpretation that is subject to de novo review. *Hall*, 2013-NMSC-001, ¶ 9 ("What constitutes an equivalent offense [under SORNA] involves a question of statutory interpretation. Interpretation of a statute is an issue of law that we review de novo.").

**II. Analysis**

**A. SORNA and the *Hall* Standard for Determining Equivalency**

{11} Under SORNA, as it provided at the time pertinent to our analysis, "[a] sex offender residing in this state shall register with the county sheriff for the county in which the sex offender resides." Section 29-11A-4(A). A "sex offender" includes an individual that "changes residence to New Mexico, when that person has been convicted of a sex offense" in another jurisdiction. Section 29-11A-3(H)(2). A "sex offense" is defined as any of the twelve enumerated sex offenses "or their equivalents in any other jurisdiction[.]" Section 29-11A-3(I). Our Supreme Court held in *Hall* that

5

an offense is 'equivalent' to a New Mexico offense, for purposes of SORNA, if the defendant's *actual conduct* that gave rise to the out-of-state conviction would have constituted one of the twelve enumerated offenses requiring registration pursuant to SORNA.

2013-NMSC-001, ¶ 1 (emphasis added).

{12} In *Hall*, the defendant moved to New Mexico from California, where he had a prior conviction, which resulted from a plea agreement, for violating the California misdemeanor statute prohibiting "annoying or molesting a child under the age of eighteen." *Id.* ¶¶ 1-2 (internal quotation marks and citation omitted). Upon moving to New Mexico, the defendant did not register as a sex offender, and he was charged with failure to register as a sex offender in violation of SORNA. *Id.* ¶ 3. The defendant filed a motion to dismiss the charge, "arguing that there was no statute in New Mexico equivalent to California's 'annoying or molesting' a minor statute, and therefore his failure to register did not violate SORNA." *Id.* ¶ 4. The record contained no stipulations by the defendant concerning his conduct or documents reflecting the proceedings in California. *Id.* ¶ 28. The district court denied the defendant's motion, and the defendant entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss. *Id.* ¶ 4. Based on the record before it, the Court determined that the State presented insufficient facts to establish that the defendant's actual conduct underlying his California conviction, had it occurred in New Mexico, was equivalent to a SORNA offense, because the State's allegations on the issue completely lacked substantiation. *Id.* ¶¶

6

25-28. The case was remanded to the district court for further proceedings with leave for the defendant to withdraw his guilty plea. *Id.* ¶ 30.

**{13}** In so concluding, the Court described the analytic framework that New Mexico courts should apply in determining whether an out-of-state conviction is equivalent to a SORNA offense. *See id.* ¶¶ 18-24. "When the elements of the out-of-state sex offense are precisely the same elements of a New Mexico sex offense, the inquiry is at an end[,]" and offenses are considered equivalent. *Id.* ¶ 18. But "when the elements are dissimilar, courts should consider the defendant's underlying conduct to determine whether the defendant's conduct would have required registration in New Mexico as a sex offender." *Id.* The Court interpreted "SORNA to mean that the defendant's offense in the foreign state, rather than the statute under which the defendant was convicted, must be the equivalent of an enumerated registrable offense in New Mexico." *Id.* This means that in order "[t]o determine equivalence, courts must look beyond the elements of the conviction to the defendant's actual conduct." *Id.*

**{14}** The Court also discussed how "a New Mexico court [should] determine the actual conduct that supported the defendant's conviction of a sex offense in another jurisdiction when deciding equivalency under SORNA." *Id.* ¶ 22. "In essence," the Court stated, "the question is whether the out-of-state fact-finder necessarily must have found facts that would have proven the elements of [a] New

7

Mexico registrable offense. If so, the alleged sex offender has committed the equivalent of an enumerated New Mexico sex offense." *Id.* ¶ 22. To determine the factual basis of a conviction resulting from a plea agreement or nolo contendere, courts may consider "the charging document, plea agreement, or transcript of the plea hearing" and that in a bench trial, the courts should consider the "bench-trial judge's formal rulings of law and findings of fact[.]" *Id.* ¶¶ 22-23 (internal quotation marks and citation omitted). The Court also observed that it

> realize[d] that in some cases, such as a guilty plea in which there was no allocution, there will be no factual findings for a New Mexico court to review. In that instance, the court will be limited to comparing the elements of the foreign sex offense to those of the enumerated offenses under SORNA. In some cases, this will mean that out-of-state sex offenders will not have to register in New Mexico, even for serious offenses.

*Id.* ¶ 24.

{15}    Applying the standard in *Hall*, we conclude that the district court erred in concluding as a matter of law that Defendant's actual conduct underlying his Colorado third degree misdemeanor sexual assault conviction, if it had occurred in New Mexico, constituted a SORNA offense.

**B.    Elements of the Offenses**

{16}    Defendant argues that "[a]n examination of the statutes at issue verifies that the elements of the [Colorado] misdemeanor offense of [s]exual [a]ssault in the [t]hird [d]egree do not correspond to any registrable sex offense in New Mexico."

8

The State concedes that the elements of the applicable offenses are not identical, and we agree.

{17}     The Colorado unlawful sexual contact statute at issue provides in pertinent part:

> (1) Any actor who knowingly subjects a victim to any sexual contact commits sexual assault in the third degree if:
> (a) The actor knows that the victim does not consent; or
> (b) The actor knows that the victim is incapable of appraising the nature of the victim's conduct; or
> (c) The victim is physically helpless and the actor knows that the victim is physically helpless and the victim has not consented; or
> (d) The actor substantially impaired the victim's power to appraise or control the victim's conduct by employing, without the victim's consent, any drug, intoxicant, or other means for the purpose of causing submission[.]
>
>      . . . .
>
> (1.5) Any person who knowingly, with or without sexual contact, induces or coerces a child . . . to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor's own sexual gratification, commits sexual assault in the third degree. For the purposes of this subsection (1.5), the term "child" means any person under the age of eighteen years.
>
>      . . . .
>
> (2) Sexual assault in the third degree is a class 1 misdemeanor, but it is a class 4 felony if the actor compels the victim to submit by use of such force, intimidation, or threat . . . or if the actor engages in the conduct described in . . . subsection (1.5) of this section.

Colo. Rev. Stat. § 18-3-404(1)-(2). Based on the State's allegations, the potentially applicable SORNA offenses to this case are CSC, CSCM, and CSP. *See* NMSA

9

1978, § 30-9-12(A), (C) (1993) (defining "criminal sexual contact" as "the unlawful and intentional touching of or application of force, without consent, to the unclothed intimate parts of another who has reached his eighteenth birthday, or intentionally causing another who has reached his eighteenth birthday to touch one's intimate parts" perpetrated "by the use of force or coercion" or if "the perpetrator is armed with a deadly weapon"); NMSA 1978, § 30-9-13(A), (B)(2) (2003) (defining "criminal sexual contact of a minor" as "the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts" of a child age thirteen to eighteen when "the perpetrator uses force or coercion" if "the perpetrator is in a position of authority over the child" or "armed with a deadly weapon"); NMSA 1978, § 30-9-11(A) (2009) (defining "criminal sexual penetration" as "the unlawful and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, or the genital or anal openings of another, whether or not there is any emission").

{18}    As we have already stated, the judgment and sentence tendered to the district court, the authenticity of which is not disputed, states that Defendant was convicted of third degree sexual assault in violation of Colo. Rev. Stat. Section 18-3-404. The judgment and sentence further reflects that Defendant's sexual assault

10

conviction was sentenced as a class 1 misdemeanor. Defendant, therefore, must have been convicted under Colo. Rev. Stat. Section 18-3-404(1). Section 18-3-404(1) contains no element requiring the sexual contact prohibited under the statute to include sexual penetration, the use of force or coercion, the use of a deadly weapon, or position of authority in perpetration of the offense. Because the potentially equivalent SORNA offenses in this case contain one or more of these additional elements, it follows that the statute under which Defendant was convicted in Colorado is not, on its face, equivalent to a SORNA offense. *See Kvech v. N.M. Dep't of Pub. Safety*, 987 F. Supp. 2d 1162, 1210-11 (D.N.M. 2013) ("Unlike Colorado's Unlawful Sexual Contact statute[, Colo. Rev. Stat. Section 18-3-404(1)(a)], New Mexico's criminal sexual contact in the fourth degree requires the additional elements of force or coercion, or that the perpetrator be armed with a deadly weapon. The Court agrees . . . the elements of the statute under which [the plaintiff] was convicted in Colorado[, Colo. Rev. Stat. Section 18-3-404(1)(a),] is not an equivalent offense to one of New Mexico's enumerated sex offenses under SORNA[.]"). We therefore turn to the question of whether Defendant's actual conduct, had it occurred in New Mexico, would require registration pursuant to SORNA.

**C.    Defendant's Actual Conduct**

11

**1.     Use of the Presentence Report to Determine Defendant's Actual Conduct**

{19}     We now address the primary issue raised by this appeal: whether the district court erred in considering the presentence report tendered by the State to determine the factual basis for its finding of Defendant's actual conduct. Defendant argues that the district court erred in considering the allegations concerning the conduct underlying his Colorado conviction contained in the "unsigned, unfiled presentence report" for a factual basis to establish Defendant's actual conduct. Specifically, Defendant contends that the unsigned, unfiled presentence report "is neither sufficiently reliable nor reflective of facts the jury had to have found to support the district court's equivalency finding."

{20}     The State in turn argues that *Hall* "does not mandate that the [presentence report] is legally insufficient for a court to consider as a component of evidence establishing equivalency[,]" and that this Court, in *State v. Orr*, 2013-NMCA-069, ¶ 13, 304 P.3d 449, "expressed approval for using an 'investigative report' to determine actual conduct." We are unconvinced by the State's reliance on *Orr* in this case. In *Orr*, we concluded that the elements of the North Carolina crime of "taking indecent liberties with children" are not equivalent to any SORNA offense, and therefore analysis of the defendant's actual conduct was required. *Id.* ¶¶ 5, 10, 13. Because the evidentiary basis for the state's charge that the defendant's actual

12

conduct underlying his North Carolina conviction was supported by no evidence or documentation from the North Carolina case, we concluded that the record was insufficient to determine whether the defendant's conduct, had it occurred in New Mexico, would have required registration pursuant to SORNA. *Id.* ¶¶ 12-13. However, the state indicated during the pendency of the appeal that it had obtained several documents, including an investigatory report, which shed light on the underlying facts of the defendant's North Carolina conviction. *Id.* ¶ 13. Following *Hall*, we remanded to the district court for further proceedings to determine the defendant's actual conduct. *See Orr*, 2013-NMCA-069, ¶ 13.

{21}    *Orr* does not hold that a mere investigative report, in and of itself, is sufficient under *Hall* to determine actual conduct for purposes of an equivalency analysis under SORNA. Neither did *Orr* disturb the gravamen of the *Hall* Court's standard for determining equivalency—that New Mexico courts are limited to considering facts that the out-of-state jury necessarily found in convicting the defendant. Nevertheless, we do agree that, under *Hall* and *Orr*, when a properly authenticated, admissible investigatory or presentence report contains facts necessarily found by the out-of-state jury, those facts may be considered in a court's equivalency analysis. Such a showing with regard to the unsigned, unfiled presentence report was not made in this case.

{22} Here, as Defendant points out in his brief, the facts contained in the presentence report

> do[] not reflect (or even purport to do so) what information was presented to the jury or what the jury necessarily found. Further the document does not contain any signature, attestation that anything [in] it is true, or even some indication that it is the final version of it and that [D]efendant agreed with everything in it or failed to contest anything in it. In fact, although the State asserts the Colorado sentencing court found the [presentence report] sufficiently reliable for sentencing purposes, the State submitted no evidence showing the Colorado sentencing court did so or what information the sentencing court credited or discredited in the [presentence report].

In other words, Defendant argues, and we agree, that the presentence report lacks proof of authenticity and reliability, and therefore constitutes inadmissible evidence that the district court erred in considering and determining Defendant's actual conduct underlying his Colorado sexual assault conviction. *See* Rule 11-901(A) NMRA ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); Rule 11-801(C) NMRA ("Hearsay [m]eans a statement that . . . the declarant does not make while testifying at the current trial or hearing, and . . . a party offers in evidence to prove the truth of the matter asserted in the statement."); Rule 11-802 NMRA ("Hearsay is not admissible except as provided by these rules[.]"); Rule 11-803(6), (8) NMRA (stating the requirements for establishing that a public or business record are excepted from the general rule against admissibility of hearsay); *State v. Soto*,

14

2007-NMCA-077, ¶ 27, 142 N.M. 32, 162 P.3d 187 ("A foundation is ordinarily unnecessary when introducing a public record into evidence because a public official is presumed to properly perform his duty and because it is thus more likely that the public record will be accurate. However, when questions are raised about the manner in which the record was made or kept or when other sufficient negative factors are present, a determination of trustworthiness must be made by the trial court before admitting the record." (internal quotation marks and citations omitted)), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *State v. Ramirez*, 1976-NMCA-101, ¶ 47, 89 N.M. 635, 556 P.2d 43 ("Traditional rules of evidence require a party seeking the introduction of documents to establish that the documents are in fact what they purport to be. Because the reports in [the *Ramirez*] case were stamped with the letterhead of the State of New Mexico does not, without more, indicate that they are records of a regularly conducted activity or factual findings resulting from an investigation made pursuant to authority granted by law. This is particularly true when the defendant seeks to introduce an altered version of the original report."), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 7-10, 98 N.M. 786, 653 P.2d 162. The federal district court's decision in *Kvech* lends this conclusion additional support. In *Kvech*, the district court ruled that in determining whether the plaintiff's Colorado conviction under Colo. Rev. Stat. Section 18-3-404(1)(a)

15

(the same statute under which Defendant was convicted) was equivalent to a SORNA offense, an affidavit of probable cause for an arrest warrant for the plaintiff was inadmissible to prove the plaintiff's actual conduct. *Kvech*, 987 F. Supp. 2d at 1210-11. The district court reasoned that "[t]he Colorado fact[-]finder would not have necessarily found all of the facts alleged in" the affidavit when the Colorado court accepted the plaintiff's plea. *Id.* at 1210.

{23}     In so concluding, we also reject the State's reliance upon *State v. Lloyd*, 132 Ohio St. 3d 135, 2012-Ohio-2015, ¶ 31, 970 N.E.2d 870, and *In re Millan*, 730 N.Y.S.2d 392, 428-29 (N.Y. Sup. Ct. 2001), *overruled on other grounds sub nom. People v. Millan*, 743 N.Y.S.2d 872 (N.Y. App. Div. 2002). While observing that a presentence report may be considered by the state courts in Ohio and New York in determining a defendant's actual conduct for purposes of equivalency analysis under the sex offender registration statutes in those states, neither case addresses the issue before this Court—whether a district court should be permitted to consider an unsigned, unfiled presentence report in determining a defendant's actual conduct for purposes of SORNA. As such these cases are distinguishable and therefore do not apply.

**2.     Use of the Judgment and Sentence to Determine Defendant's Actual Conduct**

{24}     Defendant argues that the Colorado judgment and sentence does not provide a factual basis to support a finding that Defendant's actual conduct underlying his

Colorado conviction, had it occurred in New Mexico, would have required registration under SORNA. Defendant contends that "insofar as he was convicted of the misdemeanor version [of third degree sexual assault] not involving force or coercion, the only conclusion supported by the verdict is that the jury did not find that he used force or coercion in the course of the sexual assault, even if it found that he did, at some point, batter the victim." We agree.

{25}    We repeat that the Colorado judgment and sentence reflects that Defendant was convicted, after a jury trial in Colorado, of one count of third degree sexual assault, a class 1 misdemeanor, pursuant to Colo. Rev. Stat. Section 18-3-404. Additionally, as we concluded above, the misdemeanor form of third degree sexual assault, described under Colo. Rev. Stat. Section 18-3-404(1), (2), contains no element requiring that the prohibited sexual contact must include sexual penetration, the use of force or coercion, the presence of a deadly weapon, or a position of authority in commission of the offense, as is required under the potentially applicable SORNA offenses—CSC, CSCM, and CSP. It follows logically from the Colorado judgment and sentence that the Colorado jury did not necessarily find, in convicting Defendant of third degree misdemeanor sexual assault, all of the facts required to convict Defendant of one of the potentially applicable SORNA offenses. The fact that Defendant was also convicted by the Colorado jury of felony first degree assault does not prove, as the State asserts, that

17

Defendant used force or coercion in the commission of the sexual assault, where no admissible evidence was tendered to the district court drawing a causal connection between the sexual assault and the assault of the victim. *Cf. State v. Stevens*, 2014-NMSC-011, ¶ 40, 323 P.3d 901 (recognizing that there must be evidence of a causal connection between a sex act and the commission of a felony in order to sustain a conviction for second degree CSP, which requires the jury to find a person was forced or coerced to engage in a sex act during the commission of a felony). Accordingly, based on the record before it, we conclude that Defendant's actual conduct, as demonstrated by the judgment and sentence, had it occurred in New Mexico, did not constitute an offense requiring registration pursuant to SORNA.

{26}    Because we conclude that the district court erred in ruling that Defendant's Colorado conviction, had it occurred in New Mexico, required registration pursuant to SORNA, we do not address Defendant's second argument.

**CONCLUSION**

{27}    The judgment and sentence is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.

{28}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

18

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**STEPHEN G. FRENCH, Judge**

19